OPINION
On July 11, 1997, appellant Allen Kimble was charged with two counts of Assault (R.C. 2903.13(1)(A)). At his arraignment, appellant entered a plea of not guilty. On August 12, 1997, appellant pled no contest to two counts of Disorderly Conduct (R.C. 2917.11). He was sentenced to thirty days incarceration and fined $100, with the jail sentence suspended.
The State appeals:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT JUDGE DOES NOT HAVE AUTHORITY TO AMEND A CRIMINAL COMPLAINT AND FIND A DEFENDANT GUILTY OF A LESSER CHARGE OVER THE EXPRESS RECOMMENDATION OF THE PROSECUTING ATTORNEY.
Crim.R. 7 (D) permits the court to amend a charge at any time before, during, or after trial, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, as long as no changes made in the name or identity of the crime charged. The State argues that the court erred in amending the complaint to change the nature and identity of the charges, over the express objection of the prosecutor. There is no transcript of the proceedings requested or prepared in the instant case. In addition, the parties did not prepare an agreed statement of the evidence in accordance with App.R. 9. Therefore, the record does not demonstrate that the charges were amended by the court sua sponte. From the record before this court on appeal, we cannot determine whether the charge was amended solely by the court, as claimed by the prosecutor, or pursuant to a negotiated plea agreement. Appellant has not demonstrated the error complained of by the record before this court on appeal.
The Assignment of Error is overruled.
The judgment of the Massillon Municipal Court is affirmed.
Reader, J., Farmer, P. J. and Hoffman, J. concur.